## IN THE OREGON TAX COURT
## MAGISTRATE DIVISION

STENS AND BRIECE,
an Oregon partnership,
*Plaintiff,*

*v.*

CLATSOP COUNTY ASSESSOR,
*Defendant.*

(TC-MD 010580C)

Donald Stensland, partner, Stens and Briece, an Oregon partnership, argued the cause for Plaintiff.

Suzanne Johnson, Clatsop County Tax Collector, and Scott Rutter, Appraiser, Clatsop County Assessor's Office, argued the cause for Defendant.

Decision for Defendant rendered August 21, 2001.

**DAN ROBINSON, Magistrate.**

Plaintiff has asked the court to eliminate the property taxes for the 2000-2001 tax year pertaining to the improvements on certain property it owns in Clatsop County because of damage to the structure caused by a fire on June 15, 2000. The case management conference scheduled for August 14, 2001, was converted to a trial with the consent of the parties, there being no dispute as to the material facts and the parties being mutually interested in a speedy resolution of the appeal. Donald Stensland appeared for Plaintiff, an Oregon partnership. The county was represented by Suzanne Johnson, Clatsop County Tax Collector, and Scott Rutter, an appraiser with the county assessor's office.

## STATEMENT OF FACTS

The subject property is a vacation rental in Seaside, Oregon. The structure was partially destroyed by fire on June 15, 2000. When the property tax bill arrived in the fall, Stensland realized that he was being taxed on the full value of the improvement. He telephoned the county assessor's office and was told to file an application for proration of property taxes. The call was made sometime in November 2000. The county sent Stensland the application form, which he completed and submitted on December 7, 2000. The county subsequently denied the application as untimely. Stensland first telephoned and then visited the tax collector's office to discuss the denial. He was advised that he could file an appeal of the denial with the Magistrate Division of the Oregon Tax Court. The exact date of the county's notification of the denial is unknown. Stensland testified that to the best of his recollection he was notified sometime in January 2001. Johnson acknowledged that could in fact be true. Plaintiff subsequently appealed to the court on April 14, 2001.

## ANALYSIS

Plaintiff was apparently advised by the county to file the application for proration of property taxes, relief available under ORS 308.425.[1] Technically, that advice was incorrect. However, to be fair, by the time the tax statement

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

arrived Plaintiff had missed all the applicable deadlines and was not entitled to any relief.

■■     ORS 308.425 provides for proration of taxes for the tax year in which the fire occurs. The tax year "means a period of 12 months beginning on July 1." ORS 308.007(1)(c). Plaintiff could have availed itself of that benefit for the 1999-2000 tax year by filing an application with the tax collector within 30 days of the date of the fire, which would have been July 17, 2000 (because the thirtieth day fell on a weekend). ORS 305.820(2). By the time Stensland contacted the county in November 2000, the 2000-2001 tax year was underway and because the fire did not occur during that tax year, relief under ORS 308.425 (tax proration) was not available. In any event, Plaintiff clearly missed the July 17, 2000, deadline. The relief for the 1999-2000 tax year would have been nominal because the fire occurred two weeks before the end of the tax year.

■     The more beneficial relief available to Plaintiff was a redetermination of real market and assessed value as of July 1 of the then-current tax year (2000-2001), in accordance with the provisions of ORS 308.428. That provision essentially moves the assessment date from January 1 to July 1. The statute provides for an adjustment to the value when property is damaged or destroyed by fire during the first six months of the calendar year. ORS 308.428(1).[2] Again, an application is required. The deadline is August 1 of the current tax year. ORS 308.428(2). Had the application been

---

[2] ORS 308.428 provides:

"(1) If, during the period beginning on January 1 and ending on July 1 of an assessment year, any real or personal property is destroyed or damaged by fire or act of God, the owner or purchaser under a recorded instrument of sale in the case of real property, or the person assessed, person in possession or owner in the case of personal property, may apply to the county assessor to have the real market and assessed value of the property determined as of July 1 of the current assessment year.

"(2) The person described in subsection (1) of this section shall file an application for assessment under this section with the county assessor on or before August 1 of the current year.

"(3) If the conditions described in subsection (1) of this section are applicable to the property, then notwithstanding ORS 308.210, the property shall be assessed as of July 1, at 1:00 a.m. of the assessment year, in the manner otherwise provided by law."

timely, Plaintiff could have had the value adjusted for the 2000-2001 tax year to reflect the decrease in value brought about by the fire. However, that deadline was missed as well.

Stensland testified at trial that he was aware of the maxim that "ignorance of the law is no excuse." Nonetheless, he was unaware of the need to file an application after a fire and noted that it was not his practice to browse the statutes looking for laws that may somehow benefit him at any given point in time. Stensland feels it would be nice if the insurance company notified property owners of the tax laws relative to fires. Other notification options were discussed, including a procedure whereby the fire department would notify the tax collector of property damaged or destroyed by fire and the collector would in turn notify the property owner of the various options to reduce taxes. It certainly seems as though something could be done to help property owners avoid the problems Plaintiff encountered in this case, which unfortunately occurs too often. Under the present statutory scheme no one is really to blame, but Plaintiff, like others, pays an unfortunate price by paying taxes that otherwise would not be owed, were it not for the failure to file a form on time.

Each year the court receives a number of appeals from taxpayers who have missed the deadlines discussed above. There is no easy answer for solving the problem. Unless the property owner is advised of the relevant statutes by one of the firemen on the scene, the owner typically overlooks the tax consequences until the tax statement arrives in October. By that time it is often too late to address the problem. With tax proration, unless the fire occurs in the first three and one-half months of the tax year, it is too late to do anything when the statement does arrive. It is always too late when the fire occurs in the first six months of the calendar year because the application for value redetermination is due by August 1 and the tax statement arrives in mid-October. Often the fire department does notify the owner of the possibility of having the taxes adjusted. However, that courtesy does not always occur and it is certainly not required by law. The problem may best be addressed by a change in the law giving property owners more time to make

the application.[3] But that is a decision for the legislature to make.

The legislature may have partially addressed the problem under the hardship provision of ORS 307.475. However, it is not clear whether that provision applies and relief is available only if the owner can establish "good and sufficient cause" for missing the applicable deadlines. Moreover, ORS 307.475 involves an application by the property owner to the Director of the Oregon Department of Revenue after the initial application to the county (for tax proration or value redetermination) is denied and at that point the December 15 deadline set forth and subsection (3) of ORS 307.475 is often fast approaching.

## CONCLUSION

With those observations in mind, and after carefully considering the applicable statutory provisions, the court concludes that it is unable to grant Plaintiff its request for a redetermination of the value of the property under the provisions of ORS 308.428 because Plaintiff missed the August 1, 2000, deadline for making application to the county and the court has no authority to overlook that defect. The court recognizes that taxpayers who experience a fire in the latter part of the six-month period set forth in subsection (1) of ORS 308.428 have little time under subsection (3) to make application with the assessor but the court can neither change nor overlook the law in spite of the often harsh results.

IT IS THE DECISION OF THE COURT that the relief requested by Plaintiff must be and is hereby denied. The assessment for the 2000-2001 tax year stands.

---

[3] For example, the deadline in the ORS 308.428(2) could be shifted to December 15. Other statutes, including ORS 308.242 and ORS 308.210, could be amended to allow for the change in value.